IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LEROY GLEN TALLEY,                       *

     Plaintiff,                              *

                                       Civil No. TJS-21-1330

v.                                        *

SANDOW CONSTRUCTION, INC.,                *

     Defendant.                              *

                     *      *      *      *      *      *

**MEMORANDUM OPINION**

Pending before the Court is Defendant SanDow Construction, Inc.'s Motion for Sanctions ("Motion") (ECF No. 22).[1] No response to the Motion has been filed and the response deadline has passed. *See* Loc. R. 105.2; Fed. R. Civ. P. 6(d). No hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Motion will be granted.

**I.      Background**

During discovery, Defendant propounded interrogatories and document production requests on Plaintiff LeRoy Talley ("Mr. Talley"), with responses due by October 18, 2021. *See* ECF No. 22-1 at 1. When Mr. Talley did not respond to the discovery requests, Defendant filed a motion to compel (ECF No. 18). Mr. Talley did not file a response to the motion to compel and the Court entered an Order granting the motion on December 27, 2021 (the "Order"). ECF No. 19. In its Order, the Court directed Mr. Talley to produce responses to Defendant's discovery requests by January 10, 2022. *Id.* at 1. The Order warned Mr. Talley that noncompliance might result in the imposition of the sanctions listed in Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). *Id.* at 1-2.

---

[1] This case was referred to me for all proceedings by the consent of the parties, pursuant to 28 U.S.C. § 636(c). ECF No. 15.

In its Motion, Defendant states that Mr. Talley has not complied with the Order. ECF No. 22-1 at 1. Defendant requests that the Court dismiss this case with prejudice. *Id.* at 4. Because Mr. Talley has not responded to the Motion, it is ripe for decision.

## II.   Discussion

If a party violates an order compelling the production of discovery, Rule 37(b)(2) empowers the Court to issue further orders sanctioning the party, including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2).

"The Fourth Circuit has developed a four-part test for a district court to use when determining what sanctions to impose under Rule 37." *Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998). In determining an appropriate sanction, the court must consider "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Id.*; *S. States Rack & Fixture, Inc. v. Sherwin-Williams, Co.*, 318 F.3d 592, 597 (4th Cir. 2003). The most serious sanctions of dismissal and default judgment are reserved for "the most flagrant case[s], where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules." *Mut. Fed. Savs. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989); *Anderson*, 155 F.3d at 505 (describing default judgment as "a last-resort

sanction"). Courts in the Fourth Circuit generally impose dispositive sanctions only after providing a "clear and explicit" warning of the possibility of such a sanction to the noncompliant party. *DeLoatch v. Baywood Hotels, Inc.*, No. JKB-18-3811, 2020 WL 7230758, at *2 (D. Md. Dec. 8, 2020) (citing *Rangarajan v. Johns Hopkins Univ.*, 917 F.3d 218, 226 (4th Cir. 2019)).

Dismissal with prejudice is the appropriate sanction in this case. First, Mr. Talley's failure to comply with the Court's Order demonstrates that he has acted in bad faith. *See Lance v. Megabus Ne., LLC*, No. PWG-16-3459, 2017 WL 3480800, at *3 (D. Md. Aug. 14, 2017) (explaining that "noncompliance with discovery orders supports a finding of bad faith"). The Court acknowledges that Mr. Talley is proceeding pro se. But self-represented litigants "as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989). Mr. Talley's failure to comply with the rules of discovery and the Court's Order supports a finding of bad faith, not inadvertence. *See Allen v. One Stop Staffing, LLC*, No. ELH-19-2859, 2021 WL 5416530, at *5 (D. Md. Nov. 19, 2021). And because Mr. Talley is representing himself, the Court need not determine whether another person is to blame for his discovery failure.

Second, Mr. Talley's failure to respond to Defendant's discovery requests is prejudicial. Defendant's discovery requests concern material facts at issue in this lawsuit. Without Mr. Talley's responses, Defendant's ability to defend itself is seriously compromised. Without discovery from Mr. Talley, Defendant cannot be certain what evidence, if any, supports the pending claims. And it cannot identify other parties that Mr. Talley believes may have relevant information about this case. Defendant is also prejudiced in terms of delay. Since Defendant propounded its discovery requests in October 2021, this case has been at a standstill. Unless sanctions are imposed, Defendant will remain entangled in litigation that Mr. Talley will not prosecute. The Court finds

that the prejudice to Defendant from Mr. Talley's violation of the Order is serious. *See Allen*, 2021 WL 5416530, at *5 ("To be sued in federal court is serious business. The defendant is entitled to pursue discovery to ascertain whether there is merit to the claims.").

Third, the Court must deter Mr. Talley and other litigants from committing discovery violations and violating orders compelling the production of discovery. If Mr. Talley had simply complied with the Federal Rules of Civil Procedure by producing his discovery responses on time, or at least complied with the Court's Order compelling him to produce discovery, his case could have proceeded to dispositive pretrial motions and possibly trial in an orderly fashion. But Mr. Talley flouted the rules, ignored this Court's Order, and apparently abandoned the very lawsuit that he initiated. This sort of misconduct must be deterred.

Fourth, lesser sanctions would not be effective. The Court has already ordered Mr. Talley to produce discovery responses and warned him that failing to do so might result in a sanction. He ignored the Court's Order. "Where a litigant has ignored an express warning that noncompliance . . . will result in dismissal, the district court should dismiss the case." *Tam Anh Pham v. Deutsche Bank Nat. Trust Co.*, 583 F. App'x 216, 217 (4th Cir. 2014) (citing *Ballard*, 882 F.2d at 95-96). In addition, Mr. Talley has not provided any explanation for his failure to produce discovery or for his noncompliance with the Court's Order. In light of Mr. Talley's discovery failure and violation of the Court's Order, combined with his failure to provide any excuse for his misconduct, dismissal with prejudice is warranted. *See Allen*, 2021 WL 5416530, at *6 (dismissing case with prejudice because of a plaintiff's discovery violations and noncompliance with court order).

Dismissal with prejudice will not repay Defendant for the time it spent attempting to get Mr. Talley to comply with his discovery obligations, and in that sense it is an insufficient sanction. But dismissal with prejudice will ensure that Mr. Talley is unable to refile his claims against

Defendant. This will save Defendant the future expense of defending itself against a litigant who does not comply with the rules and has disregard for the authority of the Court. Dismissal with prejudice is the only sanction that will be effective.

### III.    Conclusion

For these reasons, the Motion for Sanctions (ECF No. 22) is **GRANTED**. Plaintiff LeRoy Talley's claims are **DISMISSED WITH PREJUDICE**. An accompanying order follows.


March 2, 2022                                                                            /s/
Date                                                             Timothy J. Sullivan
                                                                 United States Magistrate Judge